1  Michael R. Heimbold (CA Bar No. 173981)
   (mheimbold@steptoe.com)
2  Dylan Ruga (CA Bar No. 235969)
   (druga@steptoe.com)
3  STEPTOE & JOHNSON LLP
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, CA 90067
5  Phone: (310) 734-3200
   Fax: (310) 734-3300
6
7  Michael J. Allan (admitted *pro hac vice*)
   (mallan@steptoe.com)
8  Rachel M. Hofstatter (admitted *pro hac vice*)
   (rhofstatter@steptoe.com)
9  STEPTOE & JOHNSON LLP
   1330 Connecticut Avenue, NW
10 Washington, DC 20036
   Phone : (202) 429-3000
11 Fax : (202) 429-3902

12 Attorneys for Defendants

13

14                      UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

16

17 ICALL, INC.,                          Case No.:     CV 10-2206 JW

18           Plaintiff,                  **DEFENDANTS RELIANCE COMMUNICATIONS LIMITED AND RELIANCE COMMUNICATIONS (U.K.) LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6)**
19    vs.
20 RELIANCE COMMUNICATIONS
   LIMITED, et. al.
21
             Defendants.
22
23                                       [Declarations of Minesh Patel, Anil Gadodia and Rachel Hofstatter; and [Proposed] Order filed concurrently herewith]
24
25                                       Honorable James Ware
26                                       Date: August 23, 2010
                                         Time: 9:00 A.M.
27

28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 23, 2010 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, defendant Reliance Communications Limited ("RCOM") and Reliance Communications (U.K.) Limited ("RCUK") will specially appear and hereby do move the Court for an Order dismissing the Second Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(5) for improper service of process. Neither RCOM nor RCUK has any presence in California or the United States. Constitutional due process requirements do not permit jurisdiction here. In the event that the Court does not grant the motion to dismiss the Second Amended Complaint altogether, RCOM and RCUK will further move this Court to dismiss the 6th and 8th Claims for Relief in Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Rachel M. Hofstatter, Minesh Patel and Anil Gadodia, the [Proposed] Order lodged herewith, the pleadings, files and records in this case, and such further evidence and oral argument as may be presented by the parties prior to or at the hearing on the motion.

Dated: July 16, 2010                    STEPTOE & JOHNSON LLP

                                        By:  /s/ Dylan Ruga
                                                Dylan Ruga

                                        Attorneys for Defendants

1

RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED
COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6) - CV 10-2206 (JW)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION ..................................................................................................... 1
    A. PLAINTIFF'S EARLIER UNSUCCESSFUL LITIGATION ............................... 1
    B. PROCEDURAL HISTORY OF THIS CASE ....................................................... 2
    C. CONCURRENTLY FILED MOTIONS ................................................................ 2

II. STATEMENT OF FACTS ........................................................................................ 3
    A. RCOM IS NOT SUBJECT TO PERSONAL JURISDICTION ............................ 3
    B. RCUK IS NOT SUBJECT TO PERSONAL JURISDICTION ............................. 4
    C. RGSI IS NOT THE "GENERAL MANAGER" OF RCOM OR RCUK .............. 4

III. ARGUMENT .............................................................................................................. 5
    A. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED AS TO RCOM AND RCUK FOR LACK OF PERSONAL JURISDICTION .................. 5
        1. RCOM and RCUK Are Not Subject to General Jurisdiction ..................... 6
        2. RCOM and RCUK Are Not Subject to Specific Jurisdiction ..................... 6
            a. Neither RCOM nor RCUK Has Purposefully Established Contacts with California .................................................................................. 7
            b. Plaintiff's Claim For Relief Does Not Arise Out of Any Purported Contacts that RCOM or RCUK Has with California ...................... 9
            c. Personal Jurisdiction Does Not Comport with Traditional Notions of Fair Play and Substantial Justice ................................................ 9
    B. RCOM AND RCUK WERE NOT PROPERLY SERVED ................................ 10
    C. THE COURT SHOULD DISMISS WITH PREJUDICE THE 6th and 8th CLAIMS FOR FAILURE TO STATE A CAUSE OF ACTION ........................................ 12

IV. CONCLUSION ......................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
  480 U.S. 102 (1987) .................................................................................................................. 10

*Bakersfield Hacienda, Inc. v. Superior Court*,
  199 Cal. App. 2d. 798 (Cal. Ct. App. 1962) ............................................................................. 11

*Brand v. Menlove Dodge*,
  796 F.2d 1070 (9th Cir. 1986) .................................................................................................... 6

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................................... 7

*Core-Vent Corp. v. Nobel Industries, A.B.*,
  11 F.3d 1482 (9th Cir. 1993) ...................................................................................................... 9

*Cosper v. Smith & Wesson Arms Co.*,
  53 Cal. 2d 77 (1959) ................................................................................................................. 11

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ................................................................................................. 7, 8

*F. Hoffman-La Roche, Ltd. v. Superior Court*,
  30 Cal. Rptr. 3d 407 (Cal. Ct. App. 2005) ................................................................................. 9

*Ferrigno v. Philips Electronics North America*,
  No. C-09-03085, 2010 WL 2219975 (N.D. Cal. June 1, 2010) ................................................. 8

*Gates Learjet Corp. v. Jensen*,
  743 F.2d 1325 (9th Cir. 1984) .................................................................................................... 6

*Harris Rutsky & Co. Ins. Serv. v. Bell & Clements*,
  328 F.3d 1122 (9th Cir. 2003) ................................................................................................ 8, 9

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
  466 U.S. 408 (1984) .................................................................................................................... 6

*Ingram Micro, Inc. v. Tessco Communications, Inc.*,
  62 U.S.P.Q. 2d 1861 (C.D. Cal. 2002) ....................................................................................... 8

*Int'l Shoe Co. v. Washington*,
  326 U.S 310 (1945) ..................................................................................................................... 6

ii

RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED
COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6) - CV 10-2206 (JW)

*Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*,
    578 F. Supp. 2d 1224 (C.D. Cal. 2008) ............................................................................10, 11

*Lake v. Lake*,
    817 F.2d 1416 (9th Cir. 1987) .................................................................................................7

*Mitan v. Feeney*,
    497 F. Supp. 2d 1113 (C.D. Cal. 2007) ...................................................................................9

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait S.A.K.*,
    757 F.2d 1058 (9th Cir. 1985) ...............................................................................................10

*Rush v. Savchuk*,
    444 U.S. 320 (1980)..................................................................................................................7

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .........................................................................................5, 6, 7

*Transure, Inc. v. March & McLennan, Inc.*,
    766 F.2d 1297 (9th Cir. 1985) .................................................................................................8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..................................................................................................................7

**STATUTES**

Cal. Bus. & Prof. Code § 14245 .......................................................................................................12

Cal. Bus. & Prof. Code § 14415 .......................................................................................................12

Cal. Civ. Proc. Code § 410.10 ............................................................................................................5

Cal. Civ. Proc. Code § 416 ...............................................................................................................10

Cal. Corp. Code § 2110......................................................................................................................2, 11

**BOOKS AND ARTICLES**

4A Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d
    ed. 2010) ..................................................................................................................................8

Black's Law Dictionary (4th ed. 1957) ...........................................................................................11

iii

RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED
COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6)  - CV 10-2206 (JW)

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ...................................................................................... 10

Federal Rule of Civil Procedure 12(b)(5) ...................................................................................... 10

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 12

iv

RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED
COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6) - CV 10-2206 (JW)

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This motion is made on behalf of Defendants Reliance Communications Limited ("RCOM") and Reliance Communications (U.K.) Ltd. ("RCUK"), who are appearing specially for purposes of this motion only. The Court should grant RCOM's and RCUK's motion to dismiss for two reasons. *First*, this Court lacks personal jurisdiction over RCOM and RCUK, neither of which has an office, employee, bank account, asset, or otherwise does business in the United States or California, and neither of which use the allegedly infringing Reliance iCall name in the United States. There is simply no constitutional basis to assert personal jurisdiction over either entity. *Second*, Reliance Globalcom Services, Inc. ("RGSI") is not the general manager for either RCOM or RCUK and Plaintiff's attempted service through that entity on RCOM and RCUK was improper and ineffective. In the alternative, Plaintiff's 6th and 8th Claims in the Second Amended Complaint ("SAC") should be dismissed for failure to state a claim upon which relief may be granted.

    A. **PLAINTIFF'S EARLIER UNSUCCESSFUL LITIGATION**

This case is based on Plaintiff's belief that Defendants' alleged use of "Reliance iCall" in the United States infringes its ICALL trademark and is likely to cause consumer confusion. This is Plaintiff's second attempt. On February 26, 2010, Plaintiff unsuccessfully brought a Uniform Domain Name Dispute Resolution Policy ("UDRP") proceeding against RCOM to compel transfer of the relianceicall.com domain name. That proceeding was fully adjudicated and a three-person arbitration panel found that "the term 'icall' is in widespread use in a descriptive sense" and that the relianceicall.com domain name "is not confusingly similar to [iCall's] ICALL mark. . . ." As such, the panel denied iCall's request for transfer of the relianceicall.com domain name. *See* Exhibit A to July 16, 2010, Declaration of Rachel M. Hofstatter ("Hofstatter Decl."), at p. 7.

The UDRP Panel correctly held that the two marks are not confusingly similar. Now, months later, with no changed circumstances, Plaintiff is taking a second bite at the apple. Plaintiff's claims again should fail.

### B. PROCEDURAL HISTORY OF THIS CASE

Plaintiff has taken a scattered and inconsistent approach to filing and effecting service in this case in hopes of involving as many Reliance entities as possible. Plaintiff filed its original Complaint on May 21, 2010 (Dkt. No. 1) against RCOM, RCUK and Reliance Communications International, Inc. ("RCII"), but served only RCII on May 25, 2010. Before RCII's response was due, Plaintiff filed a First Amended Complaint on June 3, 2010, adding an additional Defendant, RGSI. (Dkt. No. 6.) Plaintiff served RGSI with four copies of the First Amended Complaint on June 4, 2010. Plaintiff considered service through RGSI, as an alleged Cal. Corp. Code § 2110 "general manager," to be effective as to all other Defendants. (Dkt. No. 6.) On June 18, 2010, RCII timely filed its motion to dismiss the First Amended Complaint for improper service and in part for failure to dismiss three state law claims which were based on repealed statutes and did not support causes of action. (Dkt. No. 8.) On June 21, 2010, Plaintiff properly served RCII through its registered agent in California. The next day, on June 22, 2010, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Dkt. No. 18.) Defendants did not object to the filing of a Second Amended Complaint and consented to its entry, but specifically reserved its right to challenge jurisdiction and service related to RCOM and RCUK. (Dkt. No. 21.) Plaintiff claims to have perfected service of the SAC through the ECF filing. Plaintiff has acknowledged that RCUK and RCOM intend to challenge service as improper. *See* Hofstatter Decl. Ex. B.

None of the three complaints filed in this action has ever asserted proper personal jurisdiction over RCOM and RCUK, and neither entity has ever been properly served.

### C. CONCURRENTLY FILED MOTIONS

Due to Plaintiff's haphazard and "shotgun" approach to filing and effecting service, the four named Defendants are compelled to file two additional motions in response to the Second Amended Complaint concurrently herewith. In addition to this motion, RCII – the only Defendant involved with the allegedly infringing mark in the United States – and RGSI are filing a motion to dismiss the 6th and 8th Claims pursuant to Rule 12(b)(6). Finally, all four Defendants are moving to transfer venue from this Court to the Southern District of New York. The two

main parties – RCII and iCall – are located in New York City and Greenwich, CT, respectively. Most, if not all, of the documents, witnesses and evidence are in the greater New York area. Following its dismissal of RCOM and RCUK, pursuant to this motion, the Court should (i) dismiss the Plaintiff's 6th and 8th Claims for Relief against RCII and RGSI and (ii) transfer venue to the Southern District of New York.

## II. STATEMENT OF FACTS

### A. RCOM IS NOT SUBJECT TO PERSONAL JURISDICTION

RCOM is an Indian entity that is India's largest private sector information and telecommunications company best known for its creation in the 1990s of a pan-India, high capacity, integrated wireless and wireline, convergent (voice, data and video) digital network that allows for the provision of high quality, seamless service across India. July 16, 2010, Declaration of Minesh Patel ("Patel Decl.") at ¶ 2. RCOM conducts business in India and does not conduct business in the United States. Patel Decl. at ¶ 2.

RCOM is not registered to do business in California. Patel Decl. at ¶ 4. RCOM has no offices in California. Patel Decl. at ¶ 4. RCOM has no registered agents in California. Patel Decl. at ¶ 4. RCOM has no mailing addresses or telephone listings in California. Patel Decl. at ¶ 4. RCOM has no real property in California. Patel Decl. at ¶ 4. RCOM has no personnel or employees in California. Patel Decl. at ¶ 4. RCOM has no bank accounts in California. Patel Decl. at ¶ 4. RCOM has not advertised or marketed products or services in California. Patel Decl. at ¶ 4.

RCOM's indirect subsidiary, RCII (a Delaware corporation with its headquarters in New York City), provides Reliance iCall services to consumers in the United States. *See* July 16, 2010, Declaration of Michael Sauer ("Sauer Decl.") Decl. ¶ 2, 3. (Dkt. No. 30). RCII is the only entity that advertises, promotes, markets and sells services under the Reliance iCall name in the United States. Sauer Decl. ¶ 2. Thus, any RCII witnesses or RCII documents pertaining to the use of the Reliance iCall service in the United States are in New York City. Sauer Decl. ¶ 3.

1    RCOM's only connection to the Reliance iCall service is that it is the registered owner of
2    the worldwide relianceicall.com domain name.  RCOM does not provide Reliance iCall services
3    to customers in California or anywhere in the United States.  Patel Decl. at ¶ 3.

4    **B.    RCUK IS NOT SUBJECT TO PERSONAL JURISDICTION**

5    RCUK is a United Kingdom entity that provides certain Reliance-branded services in the
6    United Kingdom.  Although RCUK does offer Reliance iCall services to customers in the U.K.,
7    it offers no such services, or services of any kind, to customers in the United States.  July 16,
8    2010 Declaration of Anil Gadodia ("Gadodia Decl.") at ¶¶ 2, 3.

9    RCUK is not registered to do business in California.  Gadodia Decl. at ¶ 4.  RCUK has no
10   offices in California.  Gadodia Decl. at ¶ 4.  RCUK has no registered agents in California.
11   Gadodia Decl. at ¶ 4.  RCUK has no mailing addresses or telephone listings in California.
12   Gadodia Decl. at ¶ 4.  RCUK has no real property in California.  Gadodia Decl. at ¶ 4.  RCUK
13   has no personnel or employees in California.  Gadodia Decl. at ¶ 4.  RCUK has no bank accounts
14   in California.  Gadodia Decl. at ¶ 4.  RCUK has not advertised or marketed products or services
15   in California.  Gadodia Decl. at ¶ 4.

16   The "terms of service" on the www.relianceicall.com website incorrectly indicate that
17   RCUK is offering Reliance iCall services to customers outside of the U.K. and in the United
18   States.  Gadodia Decl. at ¶ 6.  RCUK has requested that the web page be corrected to accurately
19   reflect that RCII is the entity that provides Reliance iCall service in the United States.  Gadodia
20   Decl. at ¶ 7.  RCUK does not offer Reliance iCall services in the United States.  Gadodia Decl. at
21   ¶ 3.  RCUK has not received any payment made by a Reliance iCall customer in the United
22   States.  Gadodia Decl. at ¶ 6.  RCUK has no involvement in the Reliance iCall service in the
23   United States.  Gadodia Decl. at ¶ 6.

24   **C.    RGSI IS NOT THE "GENERAL MANAGER" OF RCOM OR RCUK**

25   Plaintiff served RCOM and RCUK, two foreign entities that do not conduct business in
26   California or the United States, by serving RGSI, an affiliated entity located in California.
27   Plaintiff maintains that RGSI is the "general manager" of both RCOM and RCUK for purposes
28

of serving process. *See* Second Amended Complaint at ¶ 9. RGSI does not satisfy the elements of a "general manager" for service of process purposes.

RGSI is a California entity that provides telecommunications services to business customers and has no involvement with Reliance iCall services. July 16, 2010, Declaration of David Perez ("Perez Decl.") ¶¶ 2, 3 (Dkt. No. 30). RGSI does not offer Reliance iCall services to customers in the United States or anywhere in the world. Perez Decl. ¶ 3. RGSI is not an exclusive distributor of products or services for RCOM or RCUK. Patel Decl. ¶ 7; Gadodia Decl. ¶ 5; Perez Decl. ¶ 4. RGSI does not offer or sell services, including Reliance iCall services, on behalf of RCOM or RCUK. Patel Decl. ¶ 7; Gadodia Decl. ¶ 5; Perez Decl. ¶ 4. It does not actively advertise or promote services, including Reliance iCall services, on behalf of RCOM or RCUK. Patel Decl. ¶ 7; Gadodia Decl. ¶ 5; Perez Decl. ¶ 4. RGSI is not authorized to act on behalf of RCOM or RCUK. Perez Decl. ¶ 5. RGSI's only involvement with the Reliance iCall service of RCII is a hyperlink on RGSI's website to www.relianceicall.com. Perez Decl. ¶ 6.

### III.  ARGUMENT

#### A.  THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED AS TO RCOM AND RCUK FOR LACK OF PERSONAL JURISDICTION

Plaintiff bears the burden of alleging facts sufficient to provide a basis for this Court's jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Therefore, it must show that personal jurisdiction is proper under the Due Process Clause of the U.S. Constitution as well as California's long-arm statute providing the limits of this Court's jurisdictional reach over a non-resident defendant. Because the Ninth Circuit has held that California's long-arm statute is "coextensive with federal due process requirements," the analysis under California state law and federal law are the same. *See Schwarzenegger*, 374 F.3d at 800-01 (citing Cal. Civ. Proc. Code § 410.10). California courts thus consider whether jurisdiction comports with the Due Process Clause of the U.S. Constitution.

To establish personal jurisdiction over RCOM and RCUK, Plaintiff must demonstrate that RCOM and RCUK have "at least 'minimum contacts' with [California] such that the

exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger,* 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S 310, 316 (1945)).  Plaintiff has not and cannot meet its burden.

RCUK and RCOM should be dismissed from this case.  The total lack of contacts with California or the United States in general prohibits jurisdiction.

### 1. RCOM and RCUK Are Not Subject to General Jurisdiction

Plaintiff avers in the SAC that *in personam* jurisdiction over RCOM and RCUK is proper under a general jurisdiction theory.  SAC at ¶ 12.  General jurisdiction requires contacts that are substantial or continuous and systematic.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  This standard for establishing general jurisdiction is high, *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and essentially requires that the systematic contacts "approximate physical presence" in California.  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).

Plaintiff has not met its heavy burden of proving that either RCOM or RCUK is subject to general jurisdiction.  Plaintiff offers no evidence to support its claim that either of these foreign entities has such systematic contacts with California to "approximate physical presence" here.  Moreover, the declarations of Messrs. Patel and Gadodia make clear that neither RCOM nor RCUK is registered to, or does, conduct business in California.  Patel Decl. ¶ 2; Gadodia Decl. ¶ 3.  Neither RCOM nor RCUK has any offices, employees or property in California.  Patel Decl. ¶ 4; Gadodia Decl. ¶ 4.  Furthermore, neither entity is involved with the Reliance iCall business in California or the United States at all.  Patel Decl. ¶ 3; Gadodia Decl. ¶ 3.  Put differently, there is no evidence alleged in the SAC or otherwise that would support general jurisdiction over either entity.

Plaintiff has not met its heavy burden of proving general jurisdiction over either RCOM or RCUK.  Therefore, the SAC should be dismissed as to these two entities.

### 2. RCOM and RCUK Are Not Subject to Specific Jurisdiction

Specific jurisdiction is proper only where the plaintiff satisfies three requirements: (1) the defendants have purposefully established minimum contacts with California; (2) the cause of

6

RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED
COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6)  - CV 10-2206 (JW)

Case5:10-cv-02206-JW Document28 Filed07/16/10 Page13 of 19

action arises out of or relates to those contacts; and (3) the exercise of jurisdiction is constitutionally reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Showing that defendants should "reasonably anticipate being haled into court" in California is crucial to the analysis of minimum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

Plaintiff here cannot meet any of the three prongs with respect to RCOM or RCUK. The first prong requires contacts with California to be "purposeful" so that that non-residents have fair warning that a particular activity may subject them to litigation within the forum. *Burger King*, 471 U.S. at 472-74. To purposefully avail itself of the privilege of conducting business in California, the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This requires evidence of a defendant's actions in California – and here, neither RCOM nor RCUK has any.

### a. Neither RCOM nor RCUK Has Purposefully Established Contacts with California

Neither RCOM nor RCUK has contacts with the State of California or the United States at all. Both RCOM and RCUK are foreign entities. Patel Decl. ¶ 2; Gadodia Decl. ¶ 2. Neither company is registered to do business in California. Patel Decl. ¶ 4; Gadodia Decl. ¶ 4. Moreover, neither company has any employees, bank accounts or real property in California or directs any act toward California. Patel Decl. ¶ 4; Gadodia Decl. ¶ 4. In other words, neither company has the requisite purposeful contacts required under the law. As such, this Court lacks personal jurisdiction over either entity.

Throughout the SAC, Plaintiff has lumped all four Defendants together to avoid the obvious personal jurisdiction hurdles it faces as to RCOM and RCUK. The fact that each of the four Defendants is a "Reliance" entity is of no moment. The law is well settled that Plaintiff must establish personal jurisdiction over each individual defendant. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (holding that the requirements of personal jurisdiction "must be met as to each defendant over whom a state court exercise jurisdiction").

7
RCOM AND RCUK'S NOTICE OF MOTION AND MOTION DISMISS THE SECOND AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE
12(B)(2), 12(B)(5) AND IN PART UNDER 12(B)(6) - CV 10-2206 (JW)

It is black letter law that a parent/subsidiary or affiliate company relationship is insufficient to establish jurisdiction. "The mere existence of a parent-subsidiary relationship is not sufficient to establish personal jurisdiction over a parent." *Ferrigno v. Philips Electronics North America*, No. C-09-03085, 2010 WL 2219975, at *3 (N.D. Cal. June 1, 2010) (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)); *see also Harris Rutsky & Co. Ins. Serv. v. Bell & Clements*, 328 F.3d 1122, 1134 (9th Cir. 2003); *Transure, Inc. v. March & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985); *Ingram Micro, Inc. v. Tessco Communications, Inc.*, 62 U.S.P.Q. 2d 1861, 1863 (C.D. Cal. 2002) (not reasonable to find jurisdiction of a foreign defendant based on its parent and sister corporations where the companies are not authorized to act on the defendant's behalf).

If the subsidiary's "presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent and is not acting as merely one of its departments, personal jurisdiction over the parent corporation may not be acquired simply on the basis of the local activities of the subsidiary company." 4A Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2010). Accordingly, Plaintiff cannot establish personal jurisdiction over the foreign Defendants RCOM and RCUK because their own contacts with California are insufficient and because jurisdiction here cannot be based on the contacts of domestic subsidiaries or affiliates – particularly where, as here, RGSI and RCII are stand-alone corporations, neither of which is authorized to act on behalf of RCOM or RCUK. *See* Patel Decl. ¶¶ 5, 6; Perez Decl. ¶ 5.

Plaintiff has not and cannot meet these clear legal requirements. To overcome this deficiency, Plaintiff loosely and briefly alleges that Defendants are agents of one another. Plaintiff devotes one sentence of its 35-page SAC to its "agency" theory. SAC at ¶ 30. This allegation, made on "[o]n information and belief" falls far short of the *prima facie* proof Plaintiff must present to establish that the U.S. based Defendants (RCII and RGSI) are agents of the foreign Defendants (RCOM and RCUK). *See Ferrigno*, 2010 WL 2219975 at *3-4.

Plaintiff has wholly failed to meet its burden. Plaintiff's "shotgun" approach of naming as many Reliance entities as it can identify fails. RCOM and RCUK must be dismissed from this case.

### b. Plaintiff's Claim For Relief Does Not Arise Out of Any Purported Contacts that RCOM or RCUK Has with California

To prove jurisdiction, Plaintiff must also prove that the claim for relief arises out of contacts RCOM and RCUK have with California. Given the total lack of contact either entity has with California or the United States in general, Plaintiff has not and cannot satisfy this requirement.

### c. Personal Jurisdiction Does Not Comport with Traditional Notions of Fair Play and Substantial Justice

Finally, the Court must consider whether exercising personal jurisdiction over RCOM and RCUK would comport with traditional notions of fair play and substantial justice. Here, jurisdiction over RCOM and RCUK would offend traditional notions of fair play and substantial justice. Thus, dismissal of these two entities from the case is warranted.

California courts examine jurisdiction over foreign corporations carefully and are typically unwilling to find that the serious burdens on an alien defendant are outweighed by minimal interests of the plaintiff or the forum state. *F. Hoffman-La Roche, Ltd. v. Superior Court*, 30 Cal. Rptr. 3d 407 (Cal. Ct. App. 2005); *see also Harris Rutsky*, 328 F.3d at 1132. In making such a determination, the Court considers and balances several factors, including: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1121-22 (C.D. Cal. 2007); *see also Core-Vent Corp. v. Nobel Industries, A.B.,* 11 F.3d 1482, 1487-88 (9th Cir. 1993).

On balance, none of these factors favor the exercise of personal jurisdiction over RCOM or RCUK. First, RCOM and RCUK have not injected themselves into California at all, conduct no business here, and have no offices, employees, bank accounts or assets here. Patel Decl. ¶ 4; Gadodia Decl. ¶ 4. *See Paccar Int'l, Inc. v. Commercial Bank of Kuwait S.A.K.*, 757 F.2d 1058, 1065 (9th Cir. 1985) (weighing factor against jurisdiction because the defendant had just one contact with California). Second, both RCOM and RCUK would face significant burdens given their locations in India and the U.K., respectively. Third, California's interest in this dispute is minimal. The vast majority of witnesses, documents and evidence related to this dispute is in New York City. Moreover, the interest of the forum is substantially less where the plaintiff is not a resident of California. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 118-19 (1987) (smaller state interest because the plaintiff is not a state resident of California). Fourth, California is not an efficient forum for RCOM or RCUK as both are foreign entities with no connections to this State.

On balance, all factors weigh strongly in favor of dismissing RCOM and RCUK from this case. Because RCOM and RCUK have no contacts with California at all, let alone contacts with respect to the Reliance iCall service, the Court cannot exercise personal jurisdiction over them. RCOM and RCUK's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) should therefore be granted.

### B. RCOM AND RCUK WERE NOT PROPERLY SERVED

Federal Rule of Civil Procedure 12(b)(5) permits this Court to dismiss a complaint where service of process is insufficient. Fed. R. Civ. P. 12(b)(5). Plaintiff should have served RCOM and RCUK in accordance with the Hague Convention procedures. Instead, Plaintiff took a short cut and tried to manufacture "general manager" relationships in California where none exist. Thus, service has not been perfected on either foreign Defendant and dismissal is warranted.

California's service of process statute governs service on foreign defendants. *See* California Code Civ. Proc. 416. *See also Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1228 (C.D. Cal. 2008). California Civ. Proc. Code § 416 requires summons be served on a corporation by delivery (1) to a person designated as agent for service of process or

1 authorized to receive service of process, (2) to specified corporate officials or to the general
2 manager of the corporation, or (3) as provided in Corporations Code § 2110. California
3 Corporations Code § 2110 provides that summonses may be served on a foreign corporation by
4 delivery to any officer of the corporation or its general manager in California, or to any person
5 designated by the corporation as agent for service of process. Cal. Corp. Code § 2110.

6 Plaintiff did not purport to serve RCOM and RCUK through either an agent for service of
7 process or through a specified corporate official. Indeed, no such entities or individuals exist in
8 California. Instead, Plaintiff purports to perfect service on RCOM and RCUK by serving RGSI
9 as the alleged "general manager" of the two foreign Defendants in California. *See* SAC at ¶ 9.
10 RGSI is not and cannot serve as the "general manager" of either foreign Defendant in this case.
11 Plaintiff's short-cut around the Hague Convention mechanism fails. Service on RCOM and
12 RCUK was improper.

13 Whether a company can properly serve as a "general manager" for process is a very fact
14 specific inquiry. *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77, 83 (1959). A general
15 manager is "one having general direction and control of the corporation's affairs, and who may
16 do everything which the corporation may do in the transaction of its business." *Bakersfield*
17 *Hacienda, Inc. v. Superior Court*, 199 Cal. App. 2d. 798, 804 (Cal. Ct. App. 1962) (citing
18 *Black's Law Dictionary* 814 (4th ed. 1957)). Moreover, the alleged "general manager" must
19 have some connection to the issue in the lawsuit. For example, in *Khachatryan*, there was a
20 finding of general manager status on behalf of a company that sold the products at issue in the
21 case. *Khachatryan*, 578 F. Supp. 2d at 1227. Similarly, in *Cosper*, general manager status was
22 found based on the advertising and promotion of the products at issue. *Cosper*, 53 Cal. 2d at 84.
23 The mere fact that an entity that does business in California is affiliated with a foreign company
24 does not create a "general manager" for service of process purposes.

25 None of the hallmarks of a "general manager" relationship are present as between RGSI
26 and RCOM and RGSI and RCUK. RGSI is a stand-alone Delaware corporation registered to do
27 business in California. Perez Decl. ¶ 2. It does not manufacture, distribute or sell Reliance iCall
28 services on behalf of RCOM or RCUK in California – in fact, RGSI does not sell or distribute

Reliance iCall services at all. Perez Decl. ¶¶ 3 and 4; Patel Decl. ¶ 7; Gadodia Decl. ¶ 5. RGSI's only involvement with Reliance iCall services is a hyperlink on its website. Perez Decl. ¶ 6. Most importantly, RGSI is not authorized to do business on behalf of RCOM or RCUK. Perez Decl. ¶ 5. Thus, there is no plausible argument that RGSI is RCOM or RCUK's "general manager" for service of process purposes or that RCOM or RCUK enjoy business advantages in California through RGSI with respect to the Reliance iCall service.

Plaintiff improperly served RCOM and RCUK through an entity that is not a "general manager." Thus, dismissal is warranted.

### C. THE COURT SHOULD DISMISS WITH PREJUDICE THE 6TH AND 8TH CLAIMS FOR FAILURE TO STATE A CAUSE OF ACTION

In the event the Court denies RCOM's and RCUK's motion to dismiss for lack of personal jurisdiction or improper service, it should still dismiss the 6th and 8th Claims in the SAC pursuant to Rule 12(b)(6). The 6th Claim for violation of Cal. Bus. & Prof. Code § 14245 concerns infringement of a California state registered trademark. Plaintiff did not aver that it has, and it does not have, a California state trademark registration. As such, Plaintiff has failed to state a claim on which relief may be granted. The 8th Claim for Relief, based on Cal. Bus. & Prof. Code § 14415, should also be dismissed under Rule 12(b)(6). That statute, entitled "Presumption applicable to articles of incorporation and certificates of qualification" pertains to the availability of a presumption. It does not give rise to a private cause of action. Thus, the Court should dismiss Plaintiff's 8th Claim for Relief.

## IV. CONCLUSION

For the foregoing reasons, RCOM and RCUK respectfully request that the Court dismiss the SAC for lack of personal jurisdiction and for improper service of process on RCOM and RCUK. In the alternative the Court should dismiss with prejudice the 6th and 8th Claims for Relief for failure to state a claim on which relief can be granted.

Dated: July 16, 2010                                STEPTOE & JOHNSON LLP


                                                    By:  /s/ Dylan Ruga
                                                             Dylan Ruga

                                                    Attorneys for Defendants