Michael R. Heimbold (CA Bar No. 173981)
(mheimbold@steptoe.com)
Dylan Ruga  (CA Bar No. 235969)
(druga@steptoe.com)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone: (310) 734-3200
Fax: (310) 734-3300

Michael J. Allan (admitted *pro hac vice*)
(mallan@steptoe.com)
Rachel M. Hofstatter (admitted *pro hac vice*)
(rhofstatter@steptoe.com)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone :  (202) 429-3000
Fax :  (202) 429-3902

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ICALL, INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>RELIANCE COMMUNICATIONS LIMITED, et. al.<br><br>               Defendants. | Case No.:       CV 10-2206 JW (HRL)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS RELIANCE COMMUNICATIONS LIMITED AND RELIANCE COMMUNICATIONS (U.K.) LTD. PURSUANT TO RULE 12(B)(2), AND 12(B)(5) AND TO DISMISS CLAIMS 6 AND 8 PURSUANT TO RULE 12(B)(6)**<br><br>**[Objections to the Declarations of Arlo C. Gilbert and Charles Carreon and Declaration of Michael Sauer and Rachel Hofstatter filed concurrently herewith]**<br><br>Honorable James Ware<br>Date: September 13, 2010<br>Time: 9:00 A.M. |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................... 1

II.  PLAINTIFF HAS NOT AND CANNOT PROVE PERSONAL JURISDICTION

     THROUGH SPECULATION AND CONJECTURE ........................................................ 2

     A.   Personal Jurisdiction Over RCOM Is Not Appropriate Simply Because it Has

          Subsidiaries and Affiliates That Do Business in the U.S. ..................................... 2

     B.   Federal Rule of Civil Procedure 4(k)(2) Does Not Confer Jurisdiction Over

          RCOM or RCUK ........................................................................................................ 6

III. RGSI IS NOT THE GENERAL MANAGER OF RCOM AND RCUK ........................... 8

IV.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR ITS 6TH AND 8TH

     CLAIMS ................................................................................................................... 10

V.   PLAINTIFF'S "MOTIONS" BURIED WITHIN ITS OPPOSITION BRIEF SHOULD

     BE IGNORED .......................................................................................................... 10

     A.   Plaintiff Has Waived its Right and Has No Need for Jurisdictional Discovery ... 11

     B.   Plaintiff's Request for an Extension of Time for Service Through the Hague

          Convention Is Untimely ............................................................................................ 14

     C.   Plaintiff's Request to Serve RCOM by E-Mail Is Untimely and Unnecessary .... 14

     D.   Plaintiff's Request to Exclude Evidence Is Improper ............................................ 14

VI.  CONCLUSION ......................................................................................................... 15

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS - CV 10-2206 JW (HRL)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Asahi Metal Industry Co. v. Superior Court*,
   480 U.S. 102 (1987)................................................................................2

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009).................................................... 12-13

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)................................................................................6

*Componentone, L.L.C. v. Componentart, Inc.*,
   No. 02: 05cv1122, 2007 WL 2359827 (W.D. Pa. Aug. 16, 2007) ................................. 2, 4-5, 7

*Cosper, v. Smith & Wesson Arms Co.*,
   53 Cal. 2d 77 (1959) ..............................................................................9

*Doe v. Unocol Corp.*,
   27 F. Supp. 2d 1174 (C.D. Cal. 1998) .................................................3

*F. Hoffman La Roche, Ltd. v. The Sup. Court of Santa Clara County*,
   130 Cal. App. 4th 782 (2005) ..........................................................2, 4, 5

*Graduate Management Admission Council v. Raju*,
   241 F. Supp. 2d 589 (E.D. Va. 2003) ..................................................7

*Holland America Line Inc. v. Wartsila North America, Inc.*,
   485 F.3d 450 (9th Cir. 2006) ...........................................................5-6

*Knight-McConnell v. Cummins*,
   No. 03 Civ. 5035, 2004 WL 1713824 (S.D.N.Y. Jul. 29, 2004) ...............................9

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ..................................................... 2, 6-7

*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .............................................................14

*Robinson v. Daimlerchrysler AG*,
   No. 07-3258, 2008 WL 728877 (N.D. Cal. 2008) ...................................4

*Schwarzeneggar v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................2

*Sopcak v. N. Mountain Helicopter Serv.*,
   52 F.3d 817 (9th Cir. 1995) ...................................................................................11, 12

*Terracom v. Valley Nat. Bank*,
   49 F.3d 555 (9th Cir. 1995) ...........................................................................................13

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)..................................................................................................... 6-7

*Yamaha Motor Co. Ltd. v. Superior Court*,
   174 Cal. App. 4th 264 (Ct. App. Cal. 2009) ...................................................................9

**STATUTES**

Cal. Bus. & Prof. Code § 14245 ...........................................................................................10

Cal. Bus. & Prof. Code § 14405 ...........................................................................................10

Cal. Bus. & Prof. Code § 14415 ...........................................................................................10

Cal. Corp. Code § 2110...........................................................................................................9

**RULES**

Federal Rule of Civil Procedure 4(f)(3)...............................................................................14

Federal Rule of Civil Procedure 4(k)(2) ........................................................................... 5-8

Local Rule 7-2........................................................................................................................11

**BOOKS**

C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* (2d ed. 1995) §
   1069.4.................................................................................................................................3

W. Schwarzer, A. Tashima and J. Wagstaffe, *Federal Civil Procedure Before Trial*
   (2010) § 9:128:3b.............................................................................................................11

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS - CV 10-2206 JW (HRL)

1    I.    __INTRODUCTION__

2          Plaintiff has failed to prove that jurisdiction over the two alien defendants (RCOM and

3    RCUK) comports with the Constitutional cornerstones of due process and traditional notions of

4    fair play and substantial justice.  Setting aside the speculation and conjecture that permeates

5    Plaintiff's opposition, the uncontroverted facts are that neither RCOM nor RCUK has offices,

6    employees, bank accounts, assets or otherwise conduct business in California.  Plaintiff's efforts

7    to blur the lines between RCOM and its U.S. subsidiaries is unsupported.  The fact that RCOM

8    has indirect subsidiaries that operate in the United States does not subject it to personal

9    jurisdiction.  Due process simply does not permit RCOM or RCUK to be haled into this

10   California court or anywhere in the United States.

11         Plaintiff's "theory" of personal jurisdiction over RCOM and RCUK is constantly shifting

12   and unclear.  Plaintiff's opposition alleges jurisdictional bases that are not contained in any of its

13   three complaints in this case.  Given that RCOM and RCUK addressed and refuted Plaintiff's

14   initial claims to jurisdiction, Plaintiff has now switched gears.  In its opposition, Plaintiff argues

15   1) that RCOM is now subject to "specific jurisdiction" because it contends

16   www.relianceicall.com is an interactive website; and 2) that RCOM and RCUK are subject to

17   "national" jurisdiction under a statute that is rarely used and does not apply here.  Plaintiff's new

18   jurisdictional theories, like its old theories, fail.  RCOM and RCUK should be dismissed for lack

19   of personal jurisdiction.  Plaintiff has far from met its burden.  Dismissal is warranted.

20         There are only *three* issues before the Court in connection with this motion. 1) Does this

21   Court properly have personal jurisdiction over two foreign entities with no ties to the State of

22   California?  It does not.  2) Were RCOM and RCUK properly served through RGSI under the

23   "general manager" provision?  They were not.  3) Should Plaintiff's 6th and 8th Claims for

24   Relief be dismissed for failure to state a claim?  Dismissal is warranted.  The various other

25   "requests" for affirmative relief contained in Plaintiff's "opposition," ranging from a premature

26   *in limine* request to an untimely jurisdictional discovery request, are not properly before this

27   Court and should be ignored.

28

                                          1

**II.   PLAINTIFF HAS NOT AND CANNOT PROVE PERSONAL JURISDICTION THROUGH SPECULATION AND CONJECTURE**

The law is clear that Plaintiff must prove by a preponderance of the evidence that personal jurisdiction would satisfy the due process requirements of the United States Constitution. *F. Hoffman La Roche, Ltd. v. The Sup. Court of Santa Clara County*, 130 Cal. App. 4th 782, 795 (2005). Moreover, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* (citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987)). To satisfy its burden, Plaintiff must make a *prima facie* showing, which requires more than "bare allegations." *Schwarzeneggar v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff has not met its heavy burden. Due process would not be met by subjecting these two foreign defendants that do not conduct business in the U.S. to the jurisdiction of this Court. RCOM and RCUK should be dismissed from this case.

**A.   Personal Jurisdiction Over RCOM Is Not Appropriate Simply Because it Has Subsidiaries and Affiliates That Do Business in the U.S.**

First, Plaintiff contends that RCOM is subject to personal jurisdiction because it is the registered owner of www.relianceicall.com, the same domain name the three-judge UDRP Panel unanimously found was *not* likely to cause confusion. (Opp. at p. 8-9.) Plaintiff is wrong as a matter of law. The law is well settled that an alien defendant is not subject to personal jurisdiction based solely on the registration of a domain name. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006); *Componentone, L.L.C. v. Componentart, Inc.*, No. 02: 05cv1122, 2007 WL 2359827, at *4 (W.D. Pa. Aug. 16, 2007). Although not entirely clear, Plaintiff seems to offer two follow-up arguments as to why RCOM is subject to specific personal jurisdiction. Plaintiff contends that RCOM controls or operates the www.relianceicall.com website in the United States and that because the site is interactive jurisdiction is appropriate. (Opp. at p. 8-9.) Again, Plaintiff is wrong. Plaintiff's argument fails because "RCII is ultimately responsible for the Reliance iCall business in the U.S." (Sauer Decl. ¶ 4.) Reliance iCall

customers in the U.S. contract with RCII, not RCOM.[1]  Reliance iCall customers in the U.S. pay RCII, not RCOM.  (Sauer Decl. ¶ 5.)  These facts have not and cannot be disputed.

Plaintiff hints that RCOM operates in the U.S. through "shell" companies.  (Opp. at p. 5.) Even if Plaintiff had advanced a coherent "alter ego" theory of jurisdiction supported by fact and law, which it did not, it would fail.  The entity that runs the Reliance iCall business in the United States, RCII, is a separate, stand-alone and independent company from RCOM.  And, all corporate formalities are observed.  For example, the companies keep separate bank accounts and file separate tax returns. (Sauer Decl. ¶ 4.)  RCII directs and controls all marketing and operational functions for the Reliance iCall business in the United States.  (Sauer Decl. ¶ 4.) And, none of the RCII Board members are Board members of RCOM.  (Sauer Decl. ¶ 4.)  RCII is ultimately responsible for the Reliance iCall business in the U.S.  (Sauer Decl. ¶ 4.)  Rather than challenge these basic facts by supporting declarations, Plaintiff simply speculates that they are not true.

The facts here demonstrate that RCII maintains corporate independence from its indirect corporate parent, RCOM, and controls the Reliance iCall service in the United States.  The law plainly favors dismissal on these facts.  Courts are generally very reluctant to find personal jurisdiction on an alter ego theory.  The law is clear that "when a subsidiary of a foreign corporation is carrying on business in a particular jurisdiction, the parent company is not automatically subject to jurisdiction in that state because of the presumption of corporate separateness."  C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* (2d ed. 1995) § 1069.4.  The proper inquiry for alter ego liability is whether the parent exercised day-to-day control of the subsidiary.  Direct involvement and macro management of subsidiaries is not sufficient to make those subsidiaries alter egos.  *Doe v. Unocol Corp.* 27 F. Supp. 2d 1174 (C.D. Cal. 1998).  When a subsidiary maintains the exclusive responsibility for the distribution,

---

[1] They also do not contract with and have not ever contracted with RCUK, Plaintiff's only explanation for personal jurisdiction over RCUK.  RCII has always been the entity collecting revenue from Reliance iCall in the U.S. (Sauer Decl. ¶ 5.)  RCUK is not involved in the U.S.

1    marketing and sale of the product or service it is not an agent of the parent company. *Robinson*

2    *v. Daimlerchrysler AG*, No. 07-3258, 2008 WL 728877 (N.D. Cal. 2008). Plaintiff has not come

3    close to overcoming the well-established presumption of corporate separateness.

4        In its opposition, Plaintiff goes into mind numbing detail about the infrastructure of the

5    Internet and IP address traces to try and show that RCOM is in fact conducting business in the

6    U.S. The declaration of Messrs. Gilbert and Carreon, but Mr. Gilbert, in particular, makes

7    conclusory allegations about RCOM and its business that are wholly unsupported.[2] The Gilbert

8    and Carreon declarations are beyond misleading and should be ignored. *Nothing* contained in

9    the declarations of Messrs. Gilbert or Carreon proves that RCOM has any business contacts, let

10   alone the constitutionally required minimum contacts, for jurisdiction. Not one exhibit attached

11   to these declarations demonstrates that RCOM has any involvement other than ownership of the

12   domain, which is not in dispute. In addition, Plaintiff contorts and confuses the facts by

13   suggesting that various of RCOM's affiliates and/or subsidiaries such as FLAG Telcom, Yipes

14   Holdings (the parent of what is now Defendant RGSI), or Reliance ADA are all "RCOM." This

15   claim is pure unsupported speculation. RCOM is an Indian company that does not operate in the

16   United States. Plaintiff cannot secure jurisdiction over RCOM simply because it has stand-alone

17   corporate subsidiaries that do operate here. *See F. Hoffman La Roche,* 130 Cal. App. 4th at 795.

18       *Componentone, L.L.C. v. Componentart, Inc.*, No. 02: 05cv1122, 2007 WL 2359827

19   (W.D. Pa. Aug. 16, 2007), directly refutes Plaintiff's main jurisdiction argument and illustrates

20   why Plaintiff's theory must fail and RCOM should be dismissed. There, the plaintiff sued an

21   alien defendant and its U.S. subsidiary for alleged trademark violations. The alien defendant,

22   ComponentArt Holdings, was the registered owner of the allegedly infringing domain. *Id.* at *3.

23   However, the business conducted through that website was run by a subsidiary in the United

24   States, ComponentArt, Inc. *Id.* The court granted the Rule 12(b)(2) motion to dismiss the alien

25   defendant because, like here, the plaintiff "offer[ed] no evidence from which an inference can be

26

27   ──────────────

28   [2] RCOM and RCUK have filed objections to these declarations.

─────────────────────────────────────────────

4

drawn that the two corporations do not respect normal corporate formalities, or do not deal with each other as separate legal entities, or that ComponentArt Holdings controls the day-to-day operations of ComponentArt Inc….." *Id.* at *3.  Moreover, the court found that the Plaintiff's speculations were not enough.  The court held that the plaintiff "continues to rely upon conclusory allegations, conjecture and speculation to support its claim that Component Art Holding has emasculated ComponentArt Inc.'s corporate identity.  Such allegations, conjecture and speculation are insufficient to establish jurisdiction." *Id.*

      *F. Hoffman-La Roche* also directly refutes Plaintiff's main jurisdiction arguments.  There, the foreign defendant was the corporate parent of the domestic defendants.  Although the parent was involved in the business and collaborated in certain aspects, it was by no means in control of the day-to-day business of the domestic defendants.  *F. Hoffman-La Roche*, 130 Cal. App. 4th at 799.  In attempting to secure jurisdiction over foreign defendants, the plaintiff lumped together foreign and domestic entities, treating them all as "the Roche Group" rather than separate corporate entities.  *Id.* at 791.  The Court was not fooled, however.  It held, "The relationship of owner to owned contemplates a close financial connection between parent and subsidiary and a certain degree of direction and management exercised by the former over the latter."  *Id.* at 798.  This basic direction and management is not sufficient for finding personal jurisdiction; rather, the plaintiff had to show, and failed to show, that the corporate parent was so pervasively and continually in control of the day-to-day activities that it satisfied the alter-ego test and was subject to jurisdiction.  *Id.* at 799-800.  The Court therefore found that jurisdiction over the foreign defendant offended Constitutional due process.  *Id.* at 805-06.

      The findings of these cases could not be more on point.  Plaintiff has opposed this motion with nothing other than speculation and conjecture.  There is not a shred of evidence that RCOM – the entity that Plaintiff sued – has sufficient contacts with this state, or any other, to satisfy "traditional notions of fair play and substantial justice."  RCOM should be dismissed.

**B.** **Federal Rule of Civil Procedure 4(k)(2) Does Not Confer Jurisdiction Over RCOM or RCUK**

Plaintiff claims that RCOM and RCUK are subject to personal jurisdiction based on the rarely used Rule 4(k)(2). Plaintiff is wrong. Jurisdiction fails under 4(k)(2) for the same reasons jurisdiction fails under the California long arm statute – the exercise of jurisdiction over these two entities does not comport with due process. In a case cited by Plaintiff, *Holland America Line Inc. v. Wartsila North America, Inc.,* 485 F.3d 450, 462 (9th Cir. 2006), the Ninth Circuit aptly noted the rarity in which this statute is used to confer jurisdiction. It stated, "in the fourteen years since 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule." *Id.*; *see also Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1159 (9th Cir. 2006) (also cited by Plaintiff, Ninth Circuit refuses to find 4(k)(2) jurisdiction). The reason Rule 4(k)(2) is rarely used is simple; plaintiffs cannot satisfy the third prong.

Jurisdiction under Rule 4(k)(2) has three requirements. "First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." *See Pebble Beach*, 453 F.3d at 1159; *Holland America Line*, 485 F.3d at 1159. As the Ninth Circuit held, this third prong is a "major stumbling block." *Id.*

The Ninth Circuit has held "[t]he due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [moving defendant] and the forum state, we consider contacts with the nation as a whole." *Holland America,* 485 F.3d at 462. Due process requires that RCOM and RCUK have minimum contacts such that they reasonably anticipate being haled into court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *World-Wide Volkswagen*

1    *Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  As discussed in the motion to dismiss and above,

2    RCOM and RCUK[3] simply do not operate in the United States.

3         The only case cited by Plaintiff that found so-called "national" jurisdiction over a foreign

4    defendant under Rule 4(k)(2) is inapposite.  In *Graduate Management Admission Council v.*

5    *Raju*, 241 F. Supp. 2d 589 (E.D. Va. 2003), the Eastern District of Virginia found jurisdiction

6    under Rule 4(k)(2) where the defendant *itself* directed and controlled its website to solicit

7    business from the United States.  Here, the circumstances are different.  As discussed earlier,

8    RCOM does not direct the Reliance iCall business in the United States.  RCII, another named

9    defendant handles that business.  (Sauer Decl. ¶¶ 3-4.)  RCOM is simply the registered owner of

10   the domain.  Such a scant connection will not suffice.  It is settled in the Ninth Circuit that "the

11   selection of a particular domain name is insufficient by itself to confer jurisdiction over a non-

12   resident defendant, even under Rule 4(k)(2), where the forum is the United States."  *Pebble*

13   *Beach*, 453 F.3d at 1159 (cited by Plaintiff).

14        As in *ComponentArt*, RCOM, the foreign indirect parent, is the registrant of the site, but

15   is not responsible for the Reliance iCall business in the United States.  That function falls to

16   RCII.  (Sauer Decl. ¶¶ 3-5.)  RCOM itself directs no actions through the website to the United

17   States.  RCOM does not make, sell, or offer any products or services in the United States.  To the

18   extent RCOM or other Reliance entities perform any work in connection with the Reliance iCall

19   business in the United States, that work is done for and at the direction of RCII, on an arms-

20   length basis following appropriate, generally accepted accounting principles.  (Sauer Decl. ¶ 6.)

21

22   _____

23   [3] Although Plaintiff includes RCUK in this section, its analysis is focused entirely on RCOM.

24   Since RCUK has never conducted business in the U.S., nationwide jurisdiction cannot apply.  As

25   Mr. Anil Gadodia, RCUK director, declared under oath, RCUK does not operate in the U.S. and

26   the earlier reference to RCUK on relianceicall.com's website was incorrect.  RCUK notified the

27   web developers of this error. It has been corrected to identify RCII as the proper contracting

28   party in the U.S. (July 16, 2010 Declaration of Anil Gadodia (Dkt. No. 28-2) ¶¶ 6-7.)

This work is done at the direction of RCII.  Thus, RCOM is not subject to jurisdiction under Fed. R. Civ. P. 4(k)(2) as the mere owner of a domain name.[4]

Finally, Plaintiff claims 4(k)(2) jurisdiction is proper because RCOM has "acquired two U.S. companies, FLAG and Yipes . . . and is now providing global telecommunications services to millions of U.S. citizens."  (Opp. at p. 11.)  This statement is flat wrong.  As it has done throughout its briefing, Plaintiff ignores clear corporate boundaries to try and point the finger at RCOM.  Its blatant efforts to mislead the Court should not be permitted.[5]  ***RCOM did not buy Yipes.***  Yipes Holdings (which is not RGSI as Plaintiff claims) was purchased by FLAG Telecom Group Services Limited (a Bermuda company, not a US company).  This fact is plainly identified in Plaintiff's own exhibit.  (*See* Gilbert Decl. Ex. 4, identifying FLAG Telecom as the purchaser of Yipes.)  ***RCOM also did not buy FLAG Telecom Group Limited***.  This fact is also clear from the application the parties made to the Federal Communications Commission.  (*See* Aug. 30, 2010, Declaration of Rachel Hofstatter ("Hofstatter Decl.") Ex. A.)  FLAG Telecom was purchased by Reliance Gateway Net Limited.  (*See* Hofstatter Decl. Ex. B.)

RCOM does not have nationwide connections to the United States or the economic impact that Plaintiff suggests.  RCOM could not reasonably anticipate being haled into court based on the acquisition of a Bermuda and a U.S. company by different Reliance affiliates.  Such jurisdiction would not comport with constitutionally mandated due process.

## III.   RGSI IS NOT THE GENERAL MANAGER OF RCOM AND RCUK

Plaintiff's efforts to evade the Hague Convention for service of process fails.  As set forth in Defendants' Motion, RGSI simply does not meet the "General Manager" requirements for service to be effective on RCOM and RCUK; therefore, any service of process effected on RCOM and RCUK through RGSI was insufficient.

---

[4] The LinkedIn pages of Mr. Foss and Ms. Karmakar Plaintiff located by scouring the Internet do not establish minimum contacts for this reason.  Also, neither page identifies RCOM as the current employer of either employee.  For example, Ms. Karmakar's identifies Reliance ADAG.

[5] Defendants are filing objections to Mr. Gilbert and Mr. Carreon's unsupported declarations.

The law is clear: "general managers" for service purposes must be meaningfully involved in the activity on which the lawsuit is based – here, the use of the RELIANCE ICALL mark. Plaintiff has cited no authority, and Defendants are aware of none, where a corporate affiliate unrelated to the dispute has been found to be the general manager of the named defendants for service of process purposes.

The two cases cited by Plaintiff, *Yamaha* and *Cosper,* demonstrate the standard that must be met in order for an entity to be a general manager of a named defendant – the entity must have some direct involvement such as by marketing or selling the products or services of the named defendant.  In *Cosper*, *v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77, 83 (Cal. 1959), the Court found general manager status based on active advertising and promotion of products at issue.  *Id.* at 84.  In *Yamaha Motor Co. Ltd. v. Superior Court*, 174 Cal. App. 4th 264 (Ct. App. Cal. 2009), the Court found general manager status where the party was the exclusive importer and distributor of the vehicle products at issue, provided marketing, received customer complaints and accident reports for the vehicles, and was identified as the "Regional Headquarters for North America."  *Id.* at 268.  None of these kinds of facts exist here.  RGSI does not market or sell services under the RELIANCE ICALL mark in the United States for RCOM or RCUK.  (July 16, 2010 Declaration of David Perez (Dkt. No. 29) ("Perez Decl.") ¶¶ 3-4.)  RGSI is not the general manager for RCOM or RCUK, and service of process through RGSI is therefore insufficient.

Plaintiff's weak efforts to connect RGSI to this case fail.  First, the mere presence of a link to the www.relianceicall.com site (RGSI's only connection to this case) is not sufficient to make RGSI a "general manager" under Cal. Corp. Code § 2110.  In fact, courts have found that a hyperlink does not even qualify as "use" of a mark.  In *Knight-McConnell v. Cummins*, No. 03 Civ. 5035, 2004 WL 1713824 (S.D.N.Y. Jul. 29, 2004), the court held that the plaintiff failed to state a valid federal claim where the trademark infringement allegations were based on hyperlinks.  The *Knight-McConnell* court further held "[t]he mere appearance on a website of a hyperlink to another site will not lead a web-user to conclude that the owner of the site he is visiting is associated with the owner of the linked site."  *Id.* at *2.  Because of its total lack of

1  involvement in this case, RGSI should be entitled to judgment as a matter of law and is likely to

2  seek such relief once these preliminary motions are decided.

3        Second, Plaintiff through yet more speculation and conjecture tries to connect RGSI to

4  the Reliance iCall business in a hyper-technical way.  Plaintiff alleges, without any support, that

5  RGSI owns an IP address that was used for phone calls made through the relianceicall.com

6  website.  (Opp. at p. 15.)  There is no evidence that this IP address was used for a call made

7  through relianceicall.com.  Plaintiff's additional argument that Reliance Globalcom Limited, yet

8  another separate Reliance affiliate, is involved as the owner of the IP address is completely

9  irrelevant.  (Gilbert Decl. Ex. 8.)  Reliance Globalcom Limited is an entirely different entity than

10  the purported general manager, RGSI.

11  **IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR ITS 6TH AND**

12  **         8TH CLAIMS**

13        The Sixth Claim for Relief plainly requires a California state trademark registration.  Cal.

14  Bus. & Prof. Code § 14245.  Plaintiff admits that it has no such registration.  Plaintiff has not and

15  cannot state a claim for relief under Cal. Bus. & Prof. Code § 14245.  The sixth claim must be

16  dismissed as a matter of law.

17        The Eighth Claim for Relief is premised on Cal. Bus. & Prof. Code § 14415.  It is clear

18  from the Second Amended Complaint that the Eighth Claim is brought under this provision.  As

19  Plaintiff admits, that section provides for a presumption.  As Defendants stated in their motions

20  to dismiss, there can be no cause of action for a presumption.  In addition, buried in the eighth

21  claim of Plaintiff's Second Amended Complaint is reference to Cal. Bus. & Prof. Code § 14405,

22  which makes a misdemeanor the willful sale or trafficking in "any cask, keg, bottle, vessel,

23  siphon, can, case or other package bearing the trade name or of another. . ."  *Id.*  Defendants do

24  not sell goods in any kind of package.  The eighth claim should be dismissed.

25  **V.     PLAINTIFF'S "MOTIONS" BURIED WITHIN ITS OPPOSITION BRIEF**

26  **        SHOULD BE IGNORED**

27        Plaintiff's opposition contains four requests for affirmative relief.  Each of these actions

28  requires a formal motion to the Court, none of which Plaintiff has made.  The Local Rules of this

---

10

Court require a notice of motion, a hearing date, and a memorandum of points and authorities along with affidavits or declarations and a proposed order. Local Rule 7-2. The Court should disregard all of Plaintiff's informal requests. If Plaintiff does formally move the Court for such relief, all Defendants reserve the right to object to and respond to those motions at that time.

Despite the inappropriate nature of these requests, RCOM and RCUK briefly address each in turn.

### A.    Plaintiff Has Waived its Right and Has No Need for Jurisdictional Discovery

Plaintiff has known that RCOM and RCUK intended to challenge personal jurisdiction since well before this motion to dismiss was filed on July 16, 2010. Lack of personal jurisdiction over RCOM and RCUK was discussed on June 18th during the first call between counsel and again on August 6, 2010, during the Rule 26(f) discovery conference. (Hofstatter Decl. ¶ 4.) During the discovery conference, counsel for Plaintiff stated that he would serve jurisdictional discovery. (Hofstatter Decl. ¶ 4.) He did not. Instead, Plaintiff has waited to seek jurisdictional discovery in the alternative. In other words, if the Court does not think Plaintiff has proven that RCOM and RCUK are subject to personal jurisdiction by a preponderance of the evidence, then Plaintiff wants jurisdictional discovery. (Opp. at p. 13.)

It is well established that the "right to jurisdictional discovery may be waived by failing to request it in a timely and formal manner." W. Schwarzer, A. Tashima and J. Wagstaffe, *Federal Civil Procedure Before Trial* (2010) § 9:128:3b. Moreover, requests for jurisdictional discovery made in an opposition brief to a motion to dismiss like Plaintiff did here are routinely denied. The Ninth Circuit upheld the denial of jurisdiction discovery on nearly identical facts. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817 (9th Cir. 1995). In *Sopcak*, the plaintiff requested jurisdictional discovery in its opposition brief to the defendant's motion to dismiss. That plaintiff stated, "However, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery." *Id.* at 819. The Court denied the request because it was untimely "eleventh hour" discovery and the plaintiff did not bring a formal motion. *Id.* Plaintiff has made the same

1    inappropriate request here.  Like the request the plaintiff made in *Sopcak*, Plaintiff's request

2    should be denied.

3            Despite this settled law, Plaintiff has given this Court a hollow threat that it might be

4    reversed if its jurisdictional discovery request is denied.  Plaintiff is wrong.  Denial of an

5    informal request for jurisdictional discovery in an opposition brief is not grounds for reversal.

6    Indeed, such denials are appropriate.  *See Sopcak*, 52 F.3d at 819 (not an abuse of discretion to

7    deny jurisdictional discovery requested in a brief); *see also Autogenomics, Inc. v. Oxford Gene*

8    *Tech. Ltd.*, 566 F.3d 1012, 1022 (Fed. Cir. 2009) (holding "there is no denial of a motion for

9    jurisdictional discovery for us to review because there was no formal motion for jurisdictional

10   discovery").

11           Even if the Court were to find Plaintiff's request timely and formal, which it is not,

12   jurisdictional discovery is not appropriate here.  Based on the discovery categories Plaintiff

13   would want, it is evident that jurisdictional discovery would be nothing more than a costly,

14   wasteful and irrelevant fishing expedition.  And, after such an exercise, Plaintiff would have

15   nothing more than what it already has from the extensive briefing in this case.

16           Plaintiff has requested, but does not need, the following:

17   1.)    *Production of the addresses and zip codes of all users signed up for service through the*

18          *relianceicall.com website* (Opp. at p. 13.)

19           It is entirely unclear how discovery of this information would work to establish

20   jurisdiction over either RCOM or RCUK.  At best it would provide Plaintiff with a geographic

21   breakdown of where Reliance iCall customers are located.  There is no plausible way such

22   information could be used by Plaintiff to prove jurisdiction over RCOM and RCUK.  And, the

23   information would not help Plaintiff.  In fact, it would directly refute Plaintiff's unsupported

24   argument that California is the epicenter of Reliance iCall and internet calling in general.  In fact,

25   there are only about 2,000 Reliance iCall customers in California – roughly the same number that

26   are in the Tri-State are of New York, New Jersey and Connecticut (where Plaintiff is based).

27   (Sauer Decl. ¶ 7.)  Incidentally, though not relevant, Plaintiff's numerous and repeated claims

28

---

12

1    that California is home to more NRI ("Non-Resident Indians") is wrong.  In fact, New York

2    holds that title.  (*See* Hofstatter Decl. (Venue) Ex. C.)

3    2.)    *Records of all emails sent to persons in California zip codes and area codes and*

4           *information concerning the IP addresses of the email users* (Opp. at p. 13.)*;*

5           First, there has been virtually no marketing of the Reliance iCall brand in the U.S. save

6    for some targeted e-mails to customers of other Reliance businesses to draw on the fame and

7    recognition of the Reliance brand.  (August 26, 2010, Declaration of Michael Sauer in

8    Opposition to Motion for Preliminary Injunction ("Sauer PI Decl.") (Dkt. No. 47-1) Decl. ¶7.)

9    Second, this is duplicative of the first request to the extent it seeks the geographic location of

10   Reliance iCall customers and will not lead to the discovery of jurisdictionally relevant

11   information.  Third, the IP addresses of the e-mail users are completely irrelevant.

12   3.)    *Information going to establish all revenue exchanges between and among RCOM, RCII,*

13          *RCUK and RGSI* (Opp. at p. 13.).

14          As Mr. Sauer has stated, revenue from the sale of the Reliance iCall service in the United

15   States is collected by RCII.  (Sauer Decl. ¶ 5.)  This has been true since the time the service was

16   first offered.  Revenue for the Reliance iCall service in the United States is not directed to any

17   other Reliance entity.  Additional discovery for jurisdictional purposes is not warranted.

18          This Circuit recognizes that jurisdictional discovery is not a matter of right.  "Where a

19   plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

20   allegations in the face of specific denials made by defendants, the Court need not permit even

21   limited discovery."  *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995).  To obtain

22   additional jurisdictional discovery, Plaintiff must make a "showing that further discovery would

23   elucidate facts necessary to prove that the court had personal jurisdiction."  *Autogenomics, Inc.*,

24   566 F.3d 1012, 1023 (citing *Terracom*, 49 F.3d at 562).  Here, Plaintiff has failed to show that it

25   needs additional discovery to elucidate facts necessary to prove personal jurisdiction.

26   Jurisdictional discovery would be unnecessary and wasteful.  Plaintiff has named RCII, the entity

27   responsible for the service it contends is infringing.  RCII and RGSI are eager to get the merits of

28   these case and once again prove confusion is unlikely.  Plaintiff's unwarranted and untimely

1  attempted detour into jurisdiction will delay this case to the prejudice of Defendants.  The Court

2  should deny Plaintiff's request.

3       **B.    Plaintiff's Request for an Extension of Time for Service Through the Hague**

4             **Convention Is Untimely**

5       According to the declaration of Cara LaForge attached as Exhibit 17 to Mr. Carreon's

6  declaration (Dkt. No. 48-4), Plaintiff initiated service of process on RCOM through the Hague

7  Convention on or about July 15, 2010.  (Presumably this was in reaction to the meet and confer

8  that was held prior to Defendants' filing their motion to dismiss.)  Plaintiff then waited over five

9  weeks to request from the Court, in an opposition brief rather than the required formal motion, an

10 extension of time to properly serve RCOM through The Hague.  Plaintiff's delay is inexcusable

11 and should not be granted.[6]

12      **C.    Plaintiff's Request to Serve RCOM by E-Mail Is Untimely and Unnecessary**

13      Although Plaintiff was well-informed that RGSI is not the general manager for RCOM

14 and RCUK, Plaintiff waited longer than six weeks to request – in its opposition rather than by

15 motion – permission to complete service on RCOM by e-mail under Fed. R. Civ. P. 4(f)(3).[7]  The

16 Ninth Circuit in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002),

17 has permitted alternative service methods in appropriate "cases of urgency."  Here, there is no

18 urgency, particularly in view of Plaintiff's unreasonable delay and the inappropriate manner in

19 which such relief was requested.  Plaintiff's own failure to properly and timely utilize the Hague

20 Convention does not create "urgency."  This request should be denied.

21      **D.    Plaintiff's Request to Exclude Evidence Is Improper**

22      Plaintiff has requested that the Court exclude from evidence the unanimous decision

23 issued by the 3-member arbitration panel of the National Arbitration Forum finding that Reliance

24 iCall designation was not likely to be confused with Plaintiff's weak and widely used iCall mark.

25

26 _____

   [6] Notably, Plaintiff has not commenced efforts to serve RCUK through the Hague.

27

   [7] Notably, Plaintiff has not sought to serve RCUK by e-mail.

28

---

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS - CV 10-2206 JW (HRL)

1  This request is baffling, not only because it has nothing to do with jurisdiction but because of its

2  timing.  Such a request is the proper subject of a motion *in limine*.  Under the schedule that

3  Plaintiff and Defendants' agreed upon in their Joint Case Management Statement (Dkt. No. 43),

4  trial would not begin before November 2011.  It is premature to consider the exclusion of

5  evidence before discovery has even begun, particularly given the bizarre and informal means by

6  which the request was made – tossed into the end of a brief opposing personal jurisdiction.  Such

7  a request should be ignored.

8      However, a brief response is warranted.  First, none of the authority cited by Plaintiff

9  supports exclusion.  The referenced cases simply indicate that the unanimous opinion of the

10  UDRP Panel cannot be considered *res judicata* – a fact not in dispute.  Beyond that, however, the

11  proceeding and its outcome is relevant to show among other things, Plaintiff's delay in filing this

12  case and its apparent belief that it was not being irreparably harmed.  Plaintiff cannot fully

13  litigate – and lose – a UDRP case and then keep that loss under lock and key at the district court

14  level.  And, there is no authority to support otherwise.  If Plaintiff files a motion *in limine*,

15  Defendants reserve their right to respond at the appropriate time.  If the Court does intend to treat

16  this informal and untimely request as a formal motion *in limine*, Defendants respectfully request

17  a full opportunity to brief the issue.

18  **VI.   CONCLUSION**

19      In light of the above, the Court should grant RCOM and RCUK's motion to dismiss for

20  lack of personal jurisdiction and insufficient service of process and should grant the motion of all

21  Defendants to dismiss the Sixth and Eighth Claims for failure to state a claim.  The Court should

22  ignore any affirmative requests for relief improperly included in Plaintiff's opposition.

23

24  Dated:  August 30, 2010                    STEPTOE & JOHNSON LLP

25                                             By:    /s/ Michael J. Allan
26                                                    Michael J. Allan
                                                      Rachel M. Hofstatter
27                                                    Dylan Ruga

28                                             Attorneys for Defendants